IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE EVERETTE,<br><br>    Plaintiff,<br><br>    v.<br><br>DARRYL MILBURN,<br><br>    Defendant. | Case No. 16-cv-05935-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITHOUT PREJUDICE; VACATING HEARING**<br><br>Re: Dkt. No. 7 |

    Before the Court is defendant Darryl Milburn's ("Milburn") Motion to Dismiss, filed October 20, 2016.  Plaintiff Rose Everette has not filed opposition.[1]  Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for determination on the moving papers, VACATES the hearing scheduled for December 16, 2016, and rules as follows.

    On September 13, 2016, plaintiff initiated the above-titled action by filing in state court a "Request for Civil Harassment Restraining Orders" pursuant to California Code of Civil Procedure section 527.6 (see Notice of Removal Ex. 1 at 1), which filing the Court construes as plaintiff's complaint.  See Nakamura v. Parker, 156 Cal. App. 4th 327, 335 (2007) (noting "harassment petition under . . . section 527.6 [is] itself essentially a cause of action") (internal quotation and citation omitted).  In her complaint, plaintiff alleges that, inter alia, Milburn "wants to get [her] alone in his office," "want[s] sexual favors," "bullies [her]," "follows [her] around the job campus," and "threaten[s] [that she] will lose [her] job

---

[1] Any opposition was due November 23, 2016.  (See Order, filed October 27, 2016, at 2:9-11; Order, filed November 10, 2016.)

1  if [she doesn't] give in to the sexual advance."  (See Notice of Removal Ex. 1 at 2-3.)
2  Plaintiff further alleges said conduct occurred at the "VA" (see id. Ex. 1 at 3) and, in a
3  request for a temporary restraining order filed in state court, alleges Milburn's relationship
4  to her was that of "management/supervisor/co-worker" (see id. Ex. 2 at 1).
5      On October 13, 2016, Milburn removed the above-titled action to federal district
6  court.  In the instant motion to dismiss, Milburn argues the Court lacks subject matter
7  jurisdiction over plaintiff's claims, irrespective of whether they are construed as tort claims
8  or employment discrimination claims.

**A. Tort Claims**

To the extent plaintiff is alleging tort claims,[2] the Court finds the complaint is subject to dismissal.

The Federal Tort Claims Act ("FTCA") provides the "exclusive" remedy where a plaintiff alleges a tort claim against an employee of the United States who is acting within the scope of his employment, see 28 U.S.C. § 2679(b)(1), and the proper defendant in such action is "the United States," see id.  Here, the Attorney General has certified that Milburn, an employee of the United States Department of Veteran Affairs, "was acting within the scope of his employment at all times material to [the] alleged incident."  (See Certification, filed October 13, 2016.)  As plaintiff has not offered evidence to the contrary, the "Attorney General's decision regarding scope of employment certification is conclusive."  See Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993) (holding party seeking to challenge certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant . . . scope of employment certification").

//

---

[2] Under § 527.6 of the California Code of Civil Procedure, which statute is cited in plaintiff's complaint, a court may issue a restraining order where a plaintiff demonstrates she has suffered harassment, defined in relevant part as "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys or harasses the person, and that serves no legitimate purpose."  See Cal. Code Civ. P. § 527.6(b)(3).  The statute does not require the harassment to be on account of the plaintiff's membership in a protected class.

2

1    A court has jurisdiction over a claim under the FTCA only where a plaintiff has
2    "first presented the claim to the appropriate Federal agency" and the claim has been
3    "finally denied by the agency in writing."  See 28 U.S.C. § 2675(a); Brady v. United
4    States, 211 F.3d 499, 502-03 (9th Cir. 2000) (holding claim presentation requirement is
5    "jurisdictional"; finding district court properly dismissed FTCA claims where plaintiff had
6    not presented claim to federal agency prior to filing suit).
7    Here, Milburn has offered evidence, undisputed by plaintiff, that establishes
8    plaintiff has not submitted an administrative claim.  (See Stroughter Decl. ¶¶ 1-4 (stating
9    declarant, after conducting search of system that "encompasses all cases filed in
10   [Northern California]" against Department of Veterans Affairs, did not find an
11   administrative claim filed by plaintiff).)[3]
12   Accordingly, the Court lacks subject matter jurisdiction over plaintiff's tort claims,
13   and the complaint is subject to dismissal, without prejudice to plaintiff's refiling her claims
14   after she has submitted an administrative claim and the claim has been denied.

**B. Title VII**

16   To the extent plaintiff is alleging employment discrimination claims, such as a
17   claim alleging sexual harassment, the Court likewise finds the complaint is subject to
18   dismissal.
19   Title VII "provides the exclusive judicial remedy for claims of discrimination in
20   federal employment," see Brown v. General Services Admin., 425 U.S. 820, 823, 835
21   (1976), and the proper defendant in such an action is the "head of the department," see
22   42 U.S.C. § 2000e-16(c).  "Title VII specifically requires a federal employee to exhaust
23   his administrative remedies as a precondition to filing suit."  Vinieratos v. United States,

---

[3]The Court may consider material outside the pleadings where, as here, the defendant's motion to dismiss challenges the district court's jurisdiction to consider the plaintiff's claims.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1986) (holding, when considering motion to dismiss for lack of subject matter jurisdiction, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony").

939 F.2d 762, 767-68 (9th Cir. 1991).  Specifically, the employee must file a "complaint . . . with the agency that allegedly discriminated against the complainant," see 29 C.F.R. § 1614.106(a), after which the agency "is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint," see 29 C.F.R. § 1614.106(e)(2).  The employee may file suit in district court within "90 days of receipt of final action taken by the department" or "after one hundred and eighty days from the filing of the initial charge with the department."  See 42 U.S.C. § 2000e-16(c).  "[W]here a plaintiff has never presented a discrimination complaint to the appropriate administrative authority," [however, "the district court does not have subject matter jurisdiction [over a Title VII claim]."  See Sommatino v. United States, 255 F.3d 704, 710 (9th Cir. 2001).

Here, Milburn has offered evidence, undisputed by plaintiff, that establishes plaintiff has not presented an administrative complaint regarding her allegations against Milburn.  (See Kasnick Decl. ¶¶ 1, 4-5, Ex. 2.)[4]

Accordingly, the Court lacks subject matter jurisdiction over plaintiff's employment discrimination claims, and the complaint is subject to dismissal, without prejudice to plaintiff's refiling her claims after she has exhausted her administrative remedies.

**C.  Restraining Order**

On October 6, 2016, at the time the action was pending in state court, the state court issued a "Civil Harassment Restraining Order After Hearing," in which the state court ordered Milburn not to, inter alia, contact plaintiff "in any way," including "by interoffice mail," and to stay two yards away from her "while at work."  (See Notice of Removal Ex. 4 at 2.)  Said order expires April 4, 2017.  (See id. Ex. 4 at 1.)  Milburn

---

[4]Milburn has acknowledged that plaintiff has submitted to the Department of Veterans Affairs a complaint in which she asserts claims of racial harassment and retaliation.  That complaint, however, is based on allegations entirely different from those in the instant action.  (See id. Ex. 2 (setting forth allegations that physician "often complained" about plaintiff's work and that supervisor other than Milburn gave plaintiff "specific instructions on how to do her job").)

argues the injunction should be dissolved.[5]

As set forth above, plaintiff's complaint is subject to dismissal, and, consequently, plaintiff cannot at this time establish she is likely to succeed on the merits of her claims. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (holding party seeking injunction "must establish," inter alia, she is "likely to succeed on the merits" of her claim).

Accordingly, the injunction will be dissolved.

## CONCLUSION

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED without prejudice.

2. The injunction filed October 6, 2016, is hereby DISSOLVED.

**IT IS SO ORDERED.**

Dated:  December 5, 2016

MAXINE M. CHESNEY
United States District Judge

---

[5]Where, as here, an action is removed from state court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." See 28 U.S.C. § 1450.